UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STANDARD & POOR'S RATING
AGENCY LITIGATION                                                           MDL No. 2446

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants The McGraw-Hill Companies, Inc., and Standard & Poor's Financial Services LLC (collectively S&P) seek centralization of actions challenging S&P's representations about its impartiality and objectivity in the rating of structured finance securities in the Southern District of New York. This litigation currently consists of seventeen state law consumer fraud and securities actions brought by the attorneys general of fifteen states and two related declaratory judgment actions brought by S&P that are pending in fifteen districts, as listed on Schedule A.[1]

All fourteen state plaintiffs and the District of Columbia oppose centralization. Several plaintiffs suggest that the Panel defer its transfer decision until the judges assigned to the individual cases rule on their pending motions to remand to state court. Plaintiffs that alternatively specify a transferee district suggest centralization in either the District of Connecticut or the District of Delaware.

Defendants Moody's Corp. and Moody's Investors Service, Inc. (collectively Moody's) in the Southern District of Mississippi action oppose transfer of the action to the extent that transfer would include the claims against Moody's. If the Panel centralizes the litigation, Moody's requests separation and remand of the claims against it. Mississippi opposes separation and remand of the claims against Moody's.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions involve common factual questions surrounding plaintiffs' general allegations that S&P (through statements by executives and the S&P code of conduct, among other sources) intentionally misrepresented that its analysis of structured finance securities was independent, objective, or unaffected by the existence of, or potential for, a business relationship with the issuer

---

[*] Judge John G. Heyburn II did not participate in the decision of this matter.

[1] S&P's motion originally included a District of Connecticut action and a Northern District of Illinois action, both of which were remanded to state court during the pendency of the Section 1407 motion.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _Shante Jones_
Deputy Clerk

-2-

of a security. Plaintiffs disclaim that their suits question S&P's methodology in rating a security or challenge the correctness of such rating; rather, the crux of the state allegations is that, by misrepresenting factors it considered when analyzing structured finance securities, S&P misleadingly offered a product materially different from what it purported to provide the marketplace. The factual overlap among the actions is unsurprising, given that most actions were filed in state court on the same day in February 2013; additionally, the complaints in each action are highly similar, if not identical in some respects. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on the pending motions to remand as well as other pretrial motions, if necessary; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs oppose centralization and argue, *inter alia*, that the Panel has never centralized litigation of this type, that transfer to a distant forum will inconvenience the states, and that transfer is unnecessary in light of the historic cooperation among state attorneys general. We respectfully disagree that these considerations weigh against centralization in these circumstances. Even though we have never centralized litigation comprised solely of sovereign enforcement actions such as these, centralization is appropriate in light of the significant factual overlap among all actions. The inconvenience to S&P of litigating in numerous different districts, as well as state courts, is high, and centralization allows for all parties to obtain substantial efficiencies in dealing with common issues. If the actions were properly removed to federal court – a question which we are neither empowered nor inclined to answer – then S&P could be subjected to conflicting pretrial schedules and, perhaps, discovery and other dispositive motion rulings. There is also the risk, despite plaintiffs' current assurances of cooperation, that they may individually seek overlapping discovery or relitigation of rulings with which they disagree in the various courts. Relatedly, the plaintiffs' promises of cooperation are belied by their filing of fifteen separate, albeit similar, briefs regarding the relatively narrow issue of centralization. Judicial efficiency will be enhanced by allowing a single judge – as opposed to fifteen – to rule on the remand motions and other pretrial matters, if necessary.

Several states suggest deferring our decision pending rulings on the remand motions. We deny this request. If the various courts disagree as to the existence of federal question jurisdiction over the cases, delaying our decision may cause the very conflicting results and obligations and undue expenditure of judicial resources that centralization would help to avoid.

We deny Moody's request that the claims against it be separated and remanded to the Southern District of Mississippi. Transfer of the entirety of the Southern District of Mississippi action will avoid conflicting rulings on the pending motion to remand. If the case remains in federal court after the remand issue is resolved, the transferee judge can suggest Section 1407 remand of the claims against Moody's at that time. If the action were against Moody's only, the question of whether it should be included in the MDL would be closer, given our typical reluctance to transfer actions involving parallel similar conduct involving separate and competing defendants. In its briefs, Moody's also argues that transfer of the Southern District of Mississippi action is barred by CAFA's "mass action" provision. CAFA's "mass action" provision, however, permits transfer where a "majority of the plaintiffs in the action request transfer pursuant to section 1407." 28 U.S.C. § 1332(d)(11)(C)(i). Mississippi expressly requested transfer, if the Panel was inclined to centralize the litigation, and

-3-

CAFA's "mass action" provision is no bar to transfer of the Southern District of Mississippi action here.

On balance, we are of the opinion that the Southern District of New York is an appropriate transferee forum for this litigation. This district provides a convenient and accessible forum for this litigation. Importantly, S&P has its principal place of business in this district, and the witnesses and evidence relating to the states' claims may be found there. New York is also where some of the alleged misconduct occurred: several statements about S&P's independence and objectivity appear to have been made in New York, as were S&P's ratings of structured finance products.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.    Paul J. Barbadoro
Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan

IN RE: STANDARD & POOR'S RATING
AGENCY LITIGATION                                                        MDL No. 2446

## SCHEDULE A

### District of Arizona

State of Arizona, ex rel. Thomas C. Horne v. The McGraw-Hill Companies Inc., et al.,
C.A. No. 2:13-00463

### Eastern District of Arkansas

State of Arkansas, ex rel. Dustin McDaniel v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 4:13-00117

### District of Colorado

State of Colorado, ex rel. John W. Suthers v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 1:13-00572

### District of Delaware

State of Delaware v. The McGraw-Hill Companies, Inc., et al., C.A. No. 1:13-00363

### District of District of Columbia

District of Columbia v. The McGraw-Hill Companies, Inc., et al., C.A. No. 1:13-00292

### District of Idaho

State of Idaho, ex rel. Lawrence Wasden v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 1:13-00108

### Southern District of Iowa

State of Iowa, ex rel. Thomas J. Miller v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 4:13-00111

### District of Maine

State of Maine v. The McGraw-Hill Companies, Inc., et al., C.A. No. 1:13-00067

- A2 -

### Southern District of Mississippi

State of Mississippi, ex rel. Jim Hood v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 3:11-00343

### Western District of Missouri

State of Missouri, ex rel. Chris Koster, et al. v. The McGraw-Hill Companies, Inc.,
et al., C.A. No. 4:13-00221

### Eastern District of North Carolina

State of North Carolina, ex rel. Roy Cooper v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 5:13-00163

### Middle District of Pennsylvania

Commonwealth of Pennsylvania by Attorney General Kathleen G. Kane v. The McGraw-Hill
Companies, Inc., et al., C.A. No. 1:13-00605

### District of South Carolina

The McGraw-Hill Companies, Inc., et al. v. Alan Wilson, C.A. No. 3:13-00322
State of South Carolina, ex rel. Alan Wilson v. The McGraw-Hill Companies, Inc., et al.,
C.A. No. 3:13-00596

### Middle District of Tennessee

The McGraw-Hill Companies, Inc., et al. v. Robert E. Cooper, Jr., C.A. No. 3:13-00089
State of Tennessee, ex rel. Robert E. Cooper, Jr., Attorney General and Reporter v. The
McGraw-Hill Companies, Inc., et al., C.A. No. 3:13-00193

### Western District of Washington

State of Washington v. The McGraw-Hill Companies, Inc., et al., C.A. No. 2:13-00398